## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

WEST PALM BEACH ACQUISITIONS,
INC. d/b/a GREENWAY KIA WEST
PALM BEACH and the FLORIDA
DEPARTMENT OF HIGHWAY
AND MOTOR VEHICLES,

          Plaintiff,

v.

KIA MOTORS AMERICA, INC.,

          Defendant.

Misc. Case No. _____

### PLAINTIFF WEST PLAM BEACH ACQUISITIONS, INC'S MOTION TO ENFORCE FED. R. CIV. P. 45 SUBPOENA TO NON -PARTY URBAN SCIENCE APPLICATIONS, INC.

NOW COMES Plaintiff, WEST PALM BEACH ACQUISITIONS, INC. d/b/a GREENWAY KIA WEST PALM BEACH, by and through undersigned counsel and, pursuant to Federal Rules of Civil Procedure 34, 37(a) and 45(d), respectfully moves this Court for an Order compelling Non-Party Urban Science Applications, Inc.'s to produce all responsive documents and/or an adequate privilege log that comports with the Federal Rules of Civil Procedure. In support if its Motion, Plaintiff relies upon the attached brief in support and the exhibits attached thereto.

Pursuant to E. D. Mich. L.R. 7.1(a), Plaintiff met and conferred with counsel for Non-Party Urban Science Applications, Inc. on November 11, 2020 because Urban Science failed to provide any privilege log and then again on November 30, 2020 regarding the objections and the privilege log in two attempts to resolve this matter and obtain concurrence with this motion.  Concurrence was not obtained.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting Plaintiff's Motion to Enforce Fed. R. Civ. P. 45 Subpoena to Non-Party Urban Science Applications, Inc., overrule USAI's objections to the Subpoena, compel substantive responses to the requested discovery and to immediately produce all responsive documents and/or an adequate privilege log that comports with the Federal Rules of Civil Procedure, and grant any further relief this Court deems just and appropriate.

Dated: December 23, 2020                    Respectfully submitted,

ABBOTT NICHOLSON, P.C.
By:  _/s/ Christopher R. Gura_____
Robert Y. Weller II (P31148)
Kristen L. Baiardi (P71931)
Christopher R. Gura (P58437)
1900 W. Big Beaver Rd., Ste. 203
Troy, Michigan 48084
(313) 566-2500
ryweller@abbottnicholson.com
klbaiardi@abbottnicholson.com
crgura@abbottnicholson.com

GRAY ROBINSON, P.A.
Mayanne Downs (Florida Bar No. 754900)
Jason Zimmerman (Florida Bar No. 104392)
P.O. Box 3068
Orlando, Florida 32802
(407) 843-8880
mayanne.downs@gray-robinson.com
Jason.zimmerman@gray-robinson.com

And

BASS SOX MERCER
Richard N. Sox (Florida Bar No. 982156)
Nicholas A. Bader (Florida Bar No. 55351)
W. Kirby Bissell (Florida Bar No. 100166)
2822 Remington Green Circle
Tallahassee, Florida 32308
(850) 878-6404
rsox@dealerlawyer.com
nbader@dealerlawyer.com
kbissell@dealerlawyer.com

*Attorneys for Plaintiff*

4845-2856-3413, v. 1

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

WEST PALM BEACH ACQUISITIONS,
INC. d/b/a GREENWAY KIA WEST
PALM BEACH and the FLORIDA
DEPARTMENT OF HIGHWAY
AND MOTOR VEHICLES,

        Plaintiff,

v.

KIA MOTORS AMERICA, INC.,

        Defendant.

Misc. Case No. _____

## BRIEF IN SUPPORT OF
## PLAINTIFF WEST PALM BEACH ACQUISITIONS, INC.'S
## MOTION TO ENFORCE FED. R. CIV. P. 45 SUBPOENA TO
## NON-PARTY URBAN SCIENCE APPLICATIONS, INC.

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

STATEMENT OF CONTROLLING AUTHORITIES ............................................ ii

STATEMENT OF ISSUE PRESENTED ................................................................ iii

FACTUAL BACKGROUND ..................................................................................1

LEGAL ARGUMENT .............................................................................................3

     A.    Legal Standard .......................................................................3

     B.    The Requested Documents are Discoverable .......................................3

     C.    The Privilege Log is Deficient ...........................................11

CONCLUSION AND RELIEF REQUESTED ......................................................16

# <u>STATEMENT OF CONTROLLING AUTHORITIES</u>

Fed. R. Civ. P. 26
Fed. R. Civ. P. 34
Fed. R. Civ. P. 45

## <u>STATEMENT OF ISSUE PRESENTED</u>

Should this Court grant Plaintiff's Motion to Enforce Fed. R. Civ. P. 45 Subpoena to Non-Party Urban Science Applications, Inc., where USAI's objections to the Subpoena lack merit and the discovery sought does not pose an undue burden to USAI?

## FACTUAL BACKGROUND

Plaintiff filed its Complaint and Demand for Jury Trial (Dkt. No. 1; Compl.) against Kia Motors America, Inc. ("Defendant" or "KMA") on May 12, 2020, alleging KMA unlawfully terminated Plaintiff's Kia franchise.  (Compl. ¶¶ 69-82); *see also*, § 320.641(3), Fla. Stat. (2019).   Moreover, Plaintiff's claims of an attempted unlawful termination are premised in part on the fact that KMA violated Florida law when it "implement[ed] a sales or service performance measure that adversely affects a dealer and is unfair, unreasonable, arbitrary or inequitable or otherwise fails to consider all relevant and material local and regional criteria, data, and facts," and thereafter relied upon this measure to justify the attempted termination (Compl. ¶ 98); *see also,* § 320.64(42)(a), Fla. Stat. (2019).   Urban Science is a global consulting firm that provides services and data analysis to companies, mainly in the automotive sector, to help clients identify and improve market share, sales and profitability, and customer loyalty.  Throughout the relevant time period, KMA contracted with Urban Science and relied on its data when purportedly terminating KMA's relationship with Plaintiff.  *See, e.g.* (Compl., Ex. F; Dkt. No. 1-6; the "Notice").   The accuracy, reliability, consistency, and reasonableness of the data, analysis, and methods used by Urban Science are critical to Plaintiff's contention that KMA's attempted termination is not supported by good cause and does not otherwise comply with Florida law.  In fact, in the Notice, KMA

1

complained exclusively about Plaintiff's sales performance relying upon metrics created and calculated for KMA by Urban Science.  (Compl. ¶ 64).

Therefore, on October 9, 2020, Plaintiff served non-party Urban Science with a subpoena containing twenty-four requests for documents.[1]  In response[2], Urban Science lodged five general objections, twenty-three specific objections, and produced four documents.  Urban Science also produced a woefully insufficient privilege log that fails to identify anyone by name or position and – despite objecting on the grounds of "confidential, trade secret, and/or proprietary information" 19 times – fails to list a single document withheld on those grounds.[3]  To date, Plaintiff cannot identify what documents are being withheld and Urban Science refuses to acknowledge and/or rectify the deficiencies.

Thus, Urban Science has left Plaintiff with no option but to file this Motion to Compel respectfully requesting that the Court compel Urban Science to produce all responsive documents, except for those which can be adequately identified on a privilege log, and to compile a privilege log that complies with the Federal Rules of Civil Procedure.

---

[1] A true and correct copy is attached as **Exhibit A**.
[2] A true and correct copy is attached as **Exhibit B.**
[3] After initial discussions, Urban Science produced a revised privilege log listing the names of individuals involved in the communications but still missing adequate information to allow Plaintiff to evaluate the claims of privilege, as the Federal Rules require.  *See* **Exhibit C.**

# LEGAL ARGUMENT

## A. Legal Standard

Under Rule 26(b) of the Federal Rules of Civil Procedure, the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* Rule 45(d)(2)(B)(i) provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Rule 45(c)(2)(A) also specifies that a "subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."

## B. The Requested Documents Are Discoverable.

Urban Science improperly objected to Plaintiff's right to seek discovery from the firm that provided the data to Defendant, which served as the basis to purportedly terminate Defendant's relationship with Plaintiff. Urban Science objected to almost every request based on "the grounds that it is overly broad and unduly burdensome" or "not proportional to the needs of the case." Conclusory statements that the Subpoena is unduly burdensome are simply insufficient. "Boilerplate objections to

3

interrogatories and requests for production are not permitted under the Federal Rules of Civil Procedure." *Wesley Corp. v. Zoom T.V. Products, LLC*, 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) ("Defendants' "objections" to these discovery requests are the typical boilerplate objections known and detested by courts and commentators—and receiving parties—around the nation."). "When objections lack specificity, they lack effect: an objection that does not explain its grounds (and the harm that would result from responding) is forfeited." *Id*. In any event, Urban Science's objections lack merit.

Additionally, with regard to thirteen requests, Urban Science states that it "will neither search for nor produce documents, to the extent any exist."  This is an alarming position to take and calls for immediate Court intervention as Rule 45(e) requires that Urban Science conduct a reasonable search and only withhold information that is privileged or unduly burdensome to procure.  Neither of these options contemplates ***refusing to conduct a search*** for responsive information. Highlighting the absurdity of Urban Science's position is the fact that in response to Request 6, Urban Science states both that it "will neither search for nor produce documents, to the extent any exist" **and** "[s]ubject to and without waiving the foregoing objections, and to the extent this request seeks information related to work performed for KMA, [Urban Science] has no responsive documents in its possession."  Urban Science flouts its obligations under Rule 45 by simply logging

boiler plate objections and contemporaneously stating that it has not and will not bother to even look for documents. *See Alexander v. F.B.I.*, 186 F.R.D. 21, 38 (D.D.C. 1998) (stating that an individual served with a subpoena duces tecum has an obligation to conduct a reasonable search to ensure that non-privileged documents that are relevant or likely to lead to the discovery of admissible evidence are produced.). This conduct alone warrants sanctions and – at a minimum – an order compelling Urban Science to produce all responsive documents within 10 days.

Contrary to Urban Science's objections, the discovery sought is relevant and necessary for Plaintiff to prove its causes of action against Defendant. "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In the underlying action, Plaintiff alleges, "until approximately 2017, KMA used a sales performance metric called Dealer Sales Index or DSI ("DSI") and later replaced the DSI metric with Dealer Sales Efficiency or DSE ("DSE") (collectively, the "Sales Performance Metrics")." (Compl. ¶ 28). The DSI and DSE metrics are complicated calculations based on data and analysis, which Urban Science created and performs for KMA.

Plaintiff's requests are very narrow and directly relate to the allegations in the Complaint. Specifically, Requests 1, 2, and 3 seek information about the Notice including communications and underlying data incorporated into it. Plaintiff must

have this data so it can fully analyze the conclusions in the Notice which were based on data and analysis provided by Urban Science.  The information is crucial to the claims which challenge the propriety of KMA's attempted termination under Florida law as well as the reasonableness and legality of the DSE sales performance metric relied upon.  Urban Science objected to each of these requests on the grounds of attorney-work product, unduly burdensome, and confidential/trade secret information.  Notably, the privilege log does not appear to log any documents responsive to these requests, which is likely because each objection ends with "[Urban Science] will neither search for nor produce documents, to the extent any exist."  Urban Science's boilerplate objections to these requests are invalid and should be overruled or if valid claims of privilege are identified (after Urban Science actually searches for documents) Urban Science should be ordered to produce a privilege log consistent with the Federal Rules.

Similarly, Requests 4, 5, 6, 7, 10, 11, 13, 14, 15, and 16 seek data used or collected in connection with the Notice or otherwise relating to the automotive marketplace in West Palm Beach where Plaintiff is located.  Data beyond what was identified specifically in the Notice is sought to ensure that KMA (and its agent, Urban Science) considered "all relevant and material local and regional criteria, data and facts" as required by s. 320.64(42)(a) and did not otherwise cherry-pick information about the West Palm Beach automotive marketplace to make Plaintiff

6

appear worse.  In response to Requests 4, 5, and 6, Urban Science states it has no responsive documents; nevertheless it argues that Requests 4 and 6 are unduly burdensome and Requests 5 and 6 are allegedly vague and ambiguous and contain confidential or trade secret information.  Further indicating Urban Science's blatant disregard of the subpoena, there are no documents related to these Requests logged on its privilege log.  If Urban Science has no responsive documents, then its objections do nothing more than waste the Court's time and should be overruled.  If, however, there are responsive but privileged documents, then this Court should compel Urban Science to produce an adequate privilege log.  Additionally, as alluded to *supra,* Florida law requires KMA's sales performance metric, which Urban Science created and calculates, consider unique, local market circumstances. § 320.64(42)(a).  Therefore, the information that Urban Science reviewed and considered for other customers is absolutely relevant to determine if its analysis with regards to Plaintiff was unfair or inequitable.  Finally, notwithstanding the above objections, Urban Science responded that as to Requests 6, 7, 10, 11, 13, 14, 15, and 16 it "will neither search for nor produce document in response to this request."  In fact, in response to Request 6, not only does Urban Science say it will "neither search for nor produce document in response to this request," but it also says that it has no responsive documents.  Urban Science's refusal to even look for responsive documents renders its claim that there are no responsive documents dubious, at best.

Request 8 targets documents and correspondence relating to the Framework Agreement, which – as alleged in the Complaint – was an agreement forced upon Plaintiff's parent company, Greenway Automotive Group, in an effort to prevent its continued acquisition of additional Kia dealerships. (Compl. ¶¶ 23-27). The existence of this agreement and KMA's recent interest in terminating Kia dealerships owned and operated by Greenway Automotive Group, like Plaintiff, calls into question whether KMA's attempted termination of Plaintiff is in bad faith, as forbidden by s. 320.641(3). Urban Science states it has no responsive documents; however, it once again lists its boiler plate unduly burdensome objection along with its confidential or trade secret objection – even though it does not list any confidential or trade secret related documents on its privilege log. If Urban Science has no responsive documents, then its objections do nothing more than waste the Court's time and should be overruled. If, however, there are responsive but privileged documents, then this Court should compel Urban Science to produce an adequate privilege log.

Request 9 deals with other notices of termination that Urban Science may have been involved in, which may have construed data differently or argued that a different metric should be used.[4] Once again, Urban Science stated it has no

---

[4] Importantly, this Request was limited to a handful states that have statutory language making the considerations thereunder similar to those at issue in Plaintiff's matter and lessening the burden on Urban Science.

responsive documents but logs objections based on attorney-work product, unduly burdensome, and confidential or trade secret - even though it does not list any work-product or confidential or trade secret related documents on its privilege log.  If Urban Science has no responsive documents, then its objections do nothing more than waste the Court's time and should be overruled.  If, however, there are responsive but privileged documents, then this Court should compel Urban Science to produce an adequate privilege log.

Requests 12, 17, 18, 19, 20, and 21 seek extremely relevant information because they seek documents related to the underlying methodology that Urban Science used to determine that Plaintiff's sales performance was insufficient and thus KMA relied upon to argue Plaintiff was in breach of its Dealer Agreement (i.e., the basis for the Notice)..  Urban Science yet again responded in boilerplate fashion that Requests 12, 18, 19, 20 and 21 are unduly burdensome without providing any support for this proposition.  None of these requests are unduly burdensome because they are narrow requests that seek documents directly related to the underlying action and all of this content should be in Urban Science's possession.  Urban Science also states that Request 17, 18, 19, and 20 elicit attorney client communications, work product, or confidential or trade secret related information; however, it also failed to log a single document related to these objections on its privilege log.

9

Requests 22 and 24 seek basic information about the non-party like the agreements between Urban Science and KMA, its document retention policies, and organization charts.  Urban Science responded to Request 22 stating that it is "not reasonably calculated to the [sic] lead to the discovery of admissible evidence."  Not only is this the wrong standard – the amendments to the Federal Rules of Civil Procedure removed this standard from Rule 26(b)(1)'s – but also these documents are about as basic as it gets when it comes to nonparty discovery.  Urban Science also raises a confidential or trade secret objection but yet again fails to list any documents on the privilege log that relate to this objection.  As to Request 24, Urban Science logged its boiler plate unduly burdensome objection but then agrees to search its records to determine whether any such documents exist.  The Request seeks "Organizations Charts or comparable documents concerning [Urban Science's] employees or representatives responsible for working with KMA or Hyundai Motors America, LLC".  These documents are necessary for Plaintiff to understand the basic operations of Urban Science, are relevant, and should be very easy to gather.

Finally, in 19 out of 24 of the Requests, Urban Science argues that the Requests seek information regarding customers of Urban Science other than KMA.  This is a baseless objection and should be summarily rejected.  If, however,

responsive documents are confidential or trade secret then they should be properly identified on the privilege log, which they are not.

For the reasons mentioned above, all of the requests are relevant and are necessary for Plaintiff to prove its case.  Therefore, Plaintiff is entitled to review all responsive and non-privileged documents Urban Science is obligated to provide pursuant to the subpoena and Rule 45 and due to its obvious obstruction here, this Court should compel Urban Science to produce all responsive documents within 10 days.

### C. The Privilege Log Is Deficient

> i.   *Documents cannot be identified.*

Urban Science's privilege log is so deficient that Plaintiff cannot identify the documents, which are purportedly privileged.  Rule 45(e)(2)(A)(ii) of the Federal Rules of Civil Procedure provides that "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must … (ii) describe the nature of the withheld documents, communications or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  "[T]he requirements for a privilege log [are]: '[E]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not

produced in discovery.'" *Carhartt, Inc. v. Innovative Textiles, Inc*., 333 F.R.D. 118, 120 (E.D. Mich. 2019) (quoting C*lark Const. Grp., Inc. v. City of Memphis*, 2005 WL 6187896, at *3 (W.D. Tenn. Feb. 9, 2005)). "If there is a claim of privilege . . . , [the party claiming privilege] must prepare and serve a privilege log that includes all information necessary to weigh the claims of privilege or protection, including the following:

> 1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;
>
> 2. The date upon which the document was prepared;
>
> 3. The date of the document (if different from # 2);
>
> 4. The identity of the person(s) who prepared the document;
>
> 5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
>
> 6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence,

"supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"

7. The number of pages of the document;

8. The party's basis "for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege."

*Garber-Cislo v. State Farm Auto. Ins. Co.*, 10-13301, 2011 WL 13217308, at *5 (E.D. Mich. Dec. 8, 2011), *modified on other grounds,* 10-13301, 2012 WL 13005593 (E.D. Mich. Mar. 8, 2012) (quoting *Cooey v. Strickland*, 269 F.R.D. 643 (S.D. Ohio 2010)).

Here, Urban Science provided a bare bones privilege log that lists six documents. This is frankly not surprising because Urban Science repeatedly admitted it "will neither search for nor produce documents, to the extent any exist." Therefore, it appears that the privilege log was designed to be broad to mask the lack of effort Urban Science put forth in responding to the subpoena. The privilege log fails to include critical information that is necessary to weigh the claims of privilege or protection. To the extent Urban Science has any privileged documents that it is withholding, this Court should compel Urban Science to adequately describe the nature of the withheld documents, communications or tangible things in a manner consistent with *Garber-Cislo* to enable the parties to assess the claim of privilege without revealing the substance of the privileged or protected information.

> ii.  *No identified documents are "confidential, trade secret, and/or proprietary information."*

Urban Science's objections as to "confidential, trade secret, and/or proprietary information" are without merit and should be overruled because it failed to identify – and admits it didn't even bother to look for – a single document withheld on those grounds. Rule 42(e)(2), Federal Rules of Civil Procedure, states that when responding to a subpoena, "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents,

communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Courts routinely enforce Rule 42(e)(2) when a non-party fails to conduct an adequate search for documents and especially when it fails to produce an adequate privilege log. *See Moses Enterprises, LLC v. Lexington Ins. Co*., 3:19-CV-00477, 2020 WL 2752881, at *2 (S.D.W. Va. May 27, 2020) (compelling first a good faith search and production of responsive documents then then requiring a privilege log covering any documents withheld); *Performance Pulsation Control, Inc. v. Sigma Drilling Techs., LLC*, 4:17-CV-00450, 2019 WL 277620, at *3 (E.D. Tex. Jan. 22, 2019) (reminding defendants that it maintains the option to redact documents in order to protect any alleged trade secrets or confidential information, subject to providing a privilege log); *New Atl. Venture Fund III, L.P. v. Vir2us, Inc.*, 15162HCMLRLEDVA, 2016 WL 3583797, at *3 (D. Del. June 30, 2016) (ordering that to the extent Invincea's documents disclose their trade secrets, the non-party investors must produce a privilege log that would allow the court to assess any claim of privilege); and *R.J. Reynolds Tobacco v. Philip-Morris, Inc*., 29 Fed. Appx. 880, 882 (3rd Cir. 2002) (finding that in order to prevent discovery of claimed trade secrets, the objector must both provide a trade secret privilege log and "meet the additional showing of good cause for restricting dissemination on the grounds that it will be harmed by [the] disclosures").

Urban Science objected on these grounds 19 times; however, it failed to identify a single document on its privilege log that is confidential, trade secret, and/or proprietary information.  Laziness is not a basis to withhold documents – or to even conduct a search – and Urban Science must immediately comply with well-established law.  Therefore, this Court should overrule these objections and order that Urban Science produce a privilege log that comports with the Federal Rules of Civil Procedure within 10 days or in the alternative overrule its objections and require production of responsive information.

## CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff requests the Court enter an order granting Plaintiff's Motion to Enforce Fed. R. Civ. P. 45 Subpoena to Non-Party Urban Science Applications, Inc., overrule USAI's objections to the Subpoena, compel substantive responses to the requested discovery and to immediately produce all responsive documents and/or an adequate privilege log that comports with the Federal Rules of Civil Procedure, and grant any further relief this Court deems just and appropriate.

Dated: December 23, 2020          Respectfully submitted,

ABBOTT NICHOLSON, P.C.
By:  _/s/ Christopher R. Gura_____
Robert Y. Weller II (P31148)
Kristen L. Baiardi (P71931)
Christopher R. Gura (P58437)
1900 W. Big Beaver Rd., Ste. 203

16

Troy, Michigan 48084
(313) 566-2500
ryweller@abbottnicholson.com
klbaiardi@abbottnicholson.com
crgura@abbottnicholson.com

GRAY ROBINSON, P.A.
Mayanne Downs (Florida Bar No. 754900)
Jason Zimmerman (Florida Bar No. 104392)
P.O. Box 3068
Orlando, Florida 32802
(407) 843-8880
mayanne.downs@gray-robinson.com
Jason.zimmerman@gray-robinson.com

And

BASS SOX MERCER
Richard N. Sox (Florida Bar No. 982156)
Nicholas A. Bader (Florida Bar No. 55351)
W. Kirby Bissell (Florida Bar No. 100166)
2822 Remington Green Circle
Tallahassee, Florida 32308
(850) 878-6404
rsox@dealerlawyer.com
nbader@dealerlawyer.com
kbissell@dealerlawyer.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 23rd day of December, 2020, which will send a notice of electronic filing to all attorneys of record.  I further certify that a true and correct copy of the foregoing has been furnished via electronic mail this 23rd day of December, 2020, to the following attorneys of record in the underlying civil action pending in the Southern District of Florida, Civil Action No. 9:20-80780-cv-DLB and to counsel for Non-Party Urban Science Applications, Inc.

Antonio M. Elias, Esq.
Antonio.elias@hoganlovells.com
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street
Washington, DC 20004
(202) 637-5600
*Attorneys for Defendant*

Ryan L. Ford, Esq.
ryan.ford@hoganlovells.com
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street
Washington, DC 20004
(202) 637-5600
*Attorneys for Defendant*

David B. Massey, Esq.
david.massey@hoganlovells.com
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
(350) 459-6678
*Attorneys for Defendant*

Matthew J. Lund (P48632)
Brett M. Gelbord (P79312)
Matthew.lund@troutman.com
Brett.gelbord@troutman.com
Troutman Pepper Hamilton Sanders, LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300
*Attorneys for Non-Party Urban Science*
*Applications, Inc.*

Dated December 23, 2020     Respectfully submitted,
                            ABBOTT NICHOLSON, P.C.
                            By:  */s/ Christopher R. Gura*
                            Robert Y. Weller II (P31148)
                            Kristen L. Baiardi (P71931)
                            Christopher R. Gura (P58437)
                            Attorneys for Plaintiff
                            1900 W. Big Beaver Rd., Suite 203
                            Troy, Michigan 48084
                            (313) 566-2500

                            GRAY ROBINSON, P.A.
                            Mayanne Downs (Florida Bar No. 754900)
                            Jason Zimmerman (Florida Bar No. 104392)
                            P.O. Box 3068
                            Orlando, Florida 32802
                            (407) 843-8880
                            mayanne.downs@gray-robinson.com
                            Jason.zimmerman@gray-robinson.com

                            And

                            BASS SOX MERCER
                            Richard N. Sox (Florida Bar No. 982156)
                            Nicholas A. Bader (Florida Bar No. 55351)
                            W. Kirby Bissell (Florida Bar No. 100166)
                            2822 Remington Green Circle
                            Tallahassee, Florida 32308
                            (850) 878-6404
                            rsox@dealerlawyer.com
                            nbader@dealerlawyer.com
                            kbissell@dealerlawyer.com
                            *Attorneys for Plaintiff*