UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEST PALM BEACH
ACQUISITIONS, INC., doing
business as GREENWAY KIA
WEST PALM BEACH, and THE
FLORIDA DEPARTMENT OF
HIGHWAY AND MOTOR
VEHICLES,

      Plaintiffs,

v.

KIA MOTORS AMERICA, INC.,

      Defendant.
_____/

Case No. 3:20-mc-51550
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S INITIATING MOTION TO COMPEL ENFORCEMENT OF ITS RULE 45 SUBPOENA AGAINST NON-PARTY URBAN SCIENCE APPLICATIONS, INC. (ECF No. 1)

This matter came before the Court for consideration of Plaintiff West Palm Beach Acquisitions, Inc.'s initiating motion[1] to compel enforcement of its Rule 45 subpoena against non-party Urban Science Applications, Inc. (Urban Science) (ECF No. 1), Urban Science's response in opposition (ECF No. 7), Defendant Kia Motors America, Inc.'s response in opposition (ECF No. 8), Plaintiff's reply briefs

---

[1] The instant motion is related to an underlying action currently pending in the United States District Court for the Middle District of Florida.

(ECF Nos. 12 & 13), and the joint list of unresolved issues (ECF No. 19).  Judge Cleland referred this motion to me for a hearing and determination.  (ECF No. 14.)  A hearing via Zoom technology was held on April 15, 2021, at which counsel for the parties as well as non-party Urban Science appeared, and the Court entertained oral argument regarding the motion.

      As stated in the joint list of unresolved issues (ECF No. 19, PageID.271-272) and confirmed by counsel on the record, two issues remain for resolution by the Court: (1) whether Urban Science's privilege log submitted in response to the subpoena is deficient; and (2) whether Urban Science should be compelled to search for and produce documents related to its work with customers or clients beyond Defendant.  Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's initiating motion to compel (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART**.

      To the extent Plaintiff requests clarification of Urban Science's privilege log, that request is **GRANTED**.  By **Thursday, April 29, 2021**, Urban Science **SHALL** revise its privilege log to indicate whether its objections under the work product doctrine are based on factual or mental impression work product and, if necessary, supplement the privilege log to identify all individuals included on the e-mail threads it has objected to producing on the basis of attorney-client privilege.

To the extent Plaintiff requests that the Court compel Urban Science to search for and produce documents related to its work with customers other than Defendant, that request is **DENIED**. The Court finds such information irrelevant to the underlying action for the extensive reasons stated on the record, and as supported by the Declaration of Jay R. Lytle, attached to Urban Science's response brief (ECF No. 7-2, PageID.119-120, ¶¶ 4-7, 9). *See* Fed. R. Civ. P. 26(b)(1). And in the alternative, the Court finds that compelling the search and production of documents related to other customers would be unduly burdensome to Urban Science, especially in light of its status as a non-party to the underlying action and the geographically varied, "siloed" variety in which the information is developed and maintained. (ECF No. 7-2, PageID.119-120, ¶¶ 7-8.) *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). *See also In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (reasoning that to determine whether a subpoena is unduly burdensome under Rule 45, a court may consider the non-party status of the subject of the subpoena). Further, the subpoena, on its face and as confirmed by declaration, requests documents containing trade secrets or other confidential research, development, or commercial information, the disclosure of which the Court is permitted to quash or modify under Fed. R. Civ. P. 45(d)(3)(B). In this

3

regard, the Court finds that such action is warranted in light of, *inter alia*: (1) the secrecy and confidentiality of the information, and "siloed environment" in which the information and data is developed and maintained; and, (2) the interests of Urban Science's other clients, many of whom are direct competitors and all of which are likewise non-parties to the Florida lawsuit, in the information and data which was developed on their behalf. (ECF No. 7-2, PageID.119-120, ¶¶ 4-7, 9-12.)

Finally, as explained on the record and taking into consideration the discoverability and proportionality factors set forth in Fed. R. Civ. P. 26(b)(1), even if the information sought were marginally relevant for purposes of impeachment or otherwise, the Court: (1) does not agree with Plaintiff's assessment that this information is "integral to [its] case" (ECF No. 12, PageID.244), *i.e.*, "to the issues at stake in this action,"; (2) notes that Plaintiff's expert was able to prepare his report without it; (3) observes that the report and data prepared for Defendant should be subject to appropriate scrutiny without it; and (4) finds that the burden or expense of the proposed discovery "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

For the reasons stated on the record and neither party having fully prevailed, the Court awards no costs. *See* Fed. R. Civ. P. 37(a)(5)(C).[2]

**IT IS SO ORDERED.**

Dated: April 17, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).